IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTAH DEMOCRATIC PARTY and JOSUHA HARDY<br><br>　　　　　　Plaintiffs,<br>v.<br><br>DEIDRA M. HENDERSON, in her Official Capacity as Lieutenant Governor of Utah, and JOEL FERRY<br><br>　　　　　　Defendants. | **ORDER DENYING SUPPLEMENTAL JURISDICTION and FOR DEFENDANT TO BRIEF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Case No. 2:22-cv-00581-JNP<br><br>District Judge Jill N. Parrish |

Having reviewed Plaintiffs' response to the prior Order to Show Cause, (ECF No. 9), the court declines to grant discretionary supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(1)-(2). Specifically, the court declines to exercise jurisdiction over Plaintiffs' claims arising under Sec. 6, Utah Code § 63A-17-904 (the "Little Hatch Act"), Utah Admin. Code R477-9-4(1)(b), and UTAH CONST. art. I, §§ 1, 2, 7, 17, & 24, art. IV, § 2, art. V § 1, and art. VI § 6.[1]

***Little Hatch Act Claim***

---

[1] Even had the court agreed to exercise supplemental jurisdiction over Plaintiffs' state law claims, it would not be inclined to exercise its discretion to grant Plaintiffs' request for a Declaratory Judgment on those claims. Under the Declaratory Judgment Act, a district court has discretion over whether to "declare the rights and other legal relations of [an] interested party seeking [declaratory relief]." 28 U.S.C. § 2201(a). "One of the five factors district courts consider is whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). The court is skeptical that a federal district court should use its discretionary power to encroach on state electoral matters because the Utah Supreme Court has the ultimate responsibility for interpreting the Utah Constitution.

The court declines to exercise jurisdiction over Plaintiffs' Little Hatch Act claims under 28 U.S.C. § 1367(c)(1) because "the claim raises a novel or complex issue of State law." While the Little Hatch Act references the federal Hatch Act, the text of the statute does not adopt the standard of the federal Hatch Act as its own. Subsection (4)(b) states that "[n]othing contained in this section may be construed to . . . permit partisan political activity by any employee who is prevented or restricted from engaging in the political activity by the provisions of the federal Hatch Act." *See* UTAH CODE ANN. § 63A-17-904(4)(b). This provision merely explains that the Little Hatch Act is not intended to conflict with the federal Hatch Act. It does not create independent state liability for violations of federal law.[2] If Plaintiffs wish to bring a claim under the Little Hatch Act, they will have to prove elements beyond those contained in the federal Hatch Act. Just what these elements are remains unclear to the court since its search of case law uncovered only four decisions even touching on Utah Code § 63A-17-904. As such, the court declines to exercise supplemental jurisdiction due to the novelty of Plaintiffs' claim.

***Separation of Powers Claim***

The court similarly declines to exercise jurisdiction over Plaintiffs' state separation of powers claim under 28 U.S.C. § 1367(c)(1). Plaintiffs admit that there is no analogous federal law to the Utah Constitution's separations of power provision that could assist the court in deciding this claim. Instead, Plaintiffs contend that vague federal constitutional principles should guide the court's analysis. This argument does not give the court any confidence that it is well equipped to wade into disputes over state government structures.

---

[2] While *Utah Dept. of Human Services v. Hughes* indicates that "Utah has adopted its own 'little Hatch Act,' which requires state compliance with the federal version," the Utah Supreme Court made this observation while explaining that state law did not conflict with federal law; it did not create a state right of action for federal Hatch Act violations. 156 P.3d 820, 825-26 (2007).

Nevertheless, Plaintiffs maintain that there is sufficient state case law to assist the court in evaluating their request for a preliminary injunction. The court disagrees. No Utah case cited by Plaintiffs deals with the question of ballot access for an unconfirmed acting state official seeking elected office. Each case holds only that executive agency officials may not take office once they are elected to a legislative body. Indeed, Plaintiffs' case *Jenkins v. Bishop* states that the Utah Constitution "in no way precludes those persons charged with the exercise of powers within one branch of government from running for or being elected to another branch," actively cutting against their claims. 589 P.2d, 770, 773 (1978) (Crockett, J., concurring). Due to the lack of case law on this issue and the potential for conflicting interpretations of state law, the court declines to exercise jurisdiction over this claim.

*"Free Elections" Claim*

The court also declines to exercise jurisdiction over Plaintiffs' "Free Elections" clause claim under 28 U.S.C. § 1367(c)(1). Plaintiffs admit that there is no federal counterpart to this provision that the court can rely on in considering whether to grant or deny a preliminary injunction. Though Plaintiffs offer up *Anderson v. Cook* as potential state precedent, this case is not analogous to the fact pattern at hand. 103 P.2d 278, 285 (1942) (per curiam) (deciding whether to *add* a name to a ballot, rather than *delete* a name). The court also declines to rely on the law of Pennsylvania to interpret a Utah constitutional claim, as suggested by Plaintiffs.

*Other State Constitutional Claims*

Finally, the court declines to exercise jurisdiction over Plaintiffs' other state constitutional claims under 28 U.S.C. § 1367(c)(1) and (2), finding that these claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." Plaintiffs argue that state law claims do not predominate where "[t]here is no meaningful difference between the

3

amount of evidence required to present Plaintiffs' state law and federal law claims, nor between the scope of the state and federal claims." *Mabey v. Ray*, No. 4:18-CV-00061-DN-DBP, 2019 WL 962183, at *3 (D. Utah Feb. 4, 2019), *report and recommendation adopted*, No. 4:18-CV-00061-DN-DBP, 2019 WL 955238 (D. Utah Feb. 27, 2019). They also assert that "for the purposes of the Motion for Preliminary Injunction, the state and federal constitutional claims are substantially the same." ECF No. 14 at 6.

While it is true that some of the language of our state and federal constitutions is "substantially the same," as the Utah Supreme Court aptly stated, similarity of language "does not indicate that this court moves in 'lockstep' with the United States Supreme Court's [constitutional] analysis or foreclose our ability to decide in the future that our state constitutional provisions afford more rights than the federal Constitution." *Bailey v. Bayles*, 2002 UT 58, ¶ 11 n. 2, 52 P.3d 1158; *see also State v. Tiedemann*, 162 P.3d 1106 (Utah 2007); *West v. Thomson Newspapers*, 872 P.2d 999, 1006 (Utah 1994); *State v. Watts*, 750 P.2d 1219, 1221 n. 8 (Utah 1988). Indeed, the Utah Supreme Court has emphasized that it, "not the United States Supreme Court, has the authority and obligation to interpret Utah's constitutional guarantees," and that it owes "federal law no more deference in that regard than [it does] sister state interpretation of identical state language." *Tiedemann*, 2007 UT 49, ¶ 33, 162 P.3d 1106. Because of the differences between the Utah Constitution and the federal Constitution, the court is reticent to resolve issues of Utah constitutional interpretation simply by importing the federal constitutional analysis. Additionally, to undertake an independent analysis of the Utah Constitution could cause friction between the state and federal government, potentially flattening nuanced and complex distinctions between each body of law.

Plaintiffs offer a solution to this problem. They suggest this court should simply assume that the federal and state constitutions are the same for purposes of this Motion for Preliminary Injunction and purport to reserve the right to argue about any unique meaning of the Utah Constitution until a later date. ECF No. 5, fn. 3. If they do this, they reason, the court should delay ruling on its supplemental jurisdiction over Utah constitutional claims. The court is not persuaded by this suggestion. The court does not examine its jurisdiction solely in the context of the present motion before it. It also looks ahead to future stages of litigation. It would be improper and imprudent for the court to keep Plaintiffs' state constitutional claims alive while entertaining the possibility that it may eventually decline to exercise supplemental jurisdiction at such time that Plaintiffs raise a novel state constitutional argument. For the benefit of Plaintiffs, the efficiency of the judicial system, and the development of state law, matters of first impression as to the meaning and extent of Utah constitutional provisions should be decided by Utah state courts.

## ORDERS

The court declines to exercise supplemental jurisdiction over Plaintiffs' claims arising under Sec. 6, Utah Code § 63A-17-904, Utah Admin. Code R477-9-4(1)(b), and UTAH CONST. art. I, §§ 1, 2, 7, 17, & 24, art. IV, § 2, art. V § 1, and art. VI § 6.

Given the time sensitive nature of this matter, the court ORDERS Defendants to file briefing in opposition to the pending Motion for Preliminary Injunction no later than September 14, 2022, at 5:00 PM. Defendants should focus their argument solely on Plaintiffs' remaining claims under the U.S. Constitution and federal Hatch Act.

DATED September 12, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge